## MAURICE BROWN *vs.* EDWARD BROWN.

## December 23, 1881.

**Statute of Limitations—Debt due on Demand.**—Where a loan of a sum of money was made, upon the terms and conditions that the debt therefor should become due and payable, with interest, whenever the party making the loan should thereafter demand the same, and not before such time, *held*, that a demand of payment was parcel of the contract, and a condition precedent to the liability to repay the money, and that the statute of limitations began to run from the date of the demand, and not from the date of the contract.

**Appeal from Judgment by Default—Failure to File Security for Restitution.**—On an appeal by the defendant from a judgment rendered against him by default, upon a service by publication, it cannot be assigned for error here that no security for judgment was filed;. such appeal bringing to this court only the judgment-roll, which is not required by law to contain such security. The remedy in such case is by motion to vacate the judgment.

Appeal by defendant from a judgment of the district court for Carver county, entered on default, and after service of the summons by publication.

*Smith & Egan*, for appellant, cited *McArdle* v. *McArdle*, 12 Minn. 98; Story on Promissory Notes, § 29; Powers on Notes and Bills, § 641; Edwards on Bills and Notes, § 512; Angell on Limitations, § 95.

*L. L. Baxter*, for respondent.

CLARK J. The main question presented to us for decision in this case is whether, upon the facts stated in the complaint, the plaintiff's alleged cause of action is barred by the statute of limitations; and this depends upon the time of the maturity of a debt for a loan of money,—whether at the date of the loan, or of a subsequent demand for its payment. The contract between the parties is alleged to be as follows: "The plaintiff loaned to the defendant, at his request, the sum of $300, upon the terms and conditions that the same should become due and payable from the defendant to the plaintiff, with interest, whenever the plaintiff should thereafter demand the same,

and not before such time." The contract is alleged to have been made more than six years before the commencement of the action, and a demand within six years.

The statute of limitations begins to run upon a promise when a suit can be brought and maintained upon it. The defendant invokes, as applicable to this contract, the rule which seems to be established by a weight of authority too great to be questioned—that a suit can be maintained on a promise for a just consideration to pay a sum of money on demand or when requested, immediately and without any previous demand. The reason usually assigned for this doctrine is that the commencement of the suit is a sufficient demand. It must be confessed that the idea that the commencement of a suit to enforce a debt should of itself work its maturity is strange and anomalous. The law usually requires the breach of a contract to precede the bringing of an action to enforce it. If this were a new question, it might certainly be urged with much force of reason that the intent of the parties, in contracts of this form, was to make a demand *in pais* a condition precedent to the right to have the money paid, and we think the rule should not be extended to cases not falling clearly within it. *Downes* v. *Phœnix Bank*, 6 Hill, 297. There can be no doubt that it is perfectly competent for parties to make a demand for the payment of money parcel of the contract to pay it, if they make their intention to do so sufficiently apparent. In *Norton* v. *Ellam*, 2 M. & W. 461,—a leading case to which reference is continually made for support for the rule above mentioned,—it is said : "If you choose to make it part of the contract that notice shall be given, you may do so." And in *Howland* v. *Edmonds*, 24 N. Y. 307, it is said : "Where the thing promised is the payment of a sum of money, no actual demand will in general be necessary, * * * but it is nevertheless in the power of the parties so to frame their engagement as to make a preliminary demand essential." We consider the language used in this case is such as clearly to indicate that it was the intention of the parties to make a request of payment a condition precedent to the liability to pay the money, and therefore no action would lie until the condition was performed. Upon the facts stated, therefore, the cause of action was not barred.

It is also assigned for error that no security for the entry of judgment was filed before the judgment was entered, the defendant having been served with the summons by publication.   That question cannot be raised on an appeal from the judgment.   The judgment-roll, which alone is brought to this court on an appeal from the judgment, is not required by law to contain the security for judgment, and this court is not advised, on such an appeal, whether the security was filed or not.   The remedy for such omission is by application to the court below to vacate the judgment.   *Shaubhut* v. *Hilton,* 7 Minn. 412, (506;) *Keegan* v. *Peterson,* 24 Minn. 1.

Judgment affirmed.