MARY BRANCH *vs.* WILLIAM DAWSON and others.

May 25, 1885.

**Statute of Limitations—Deposit in Bank—Demand.**—The right to sue a bank upon a general deposit does not accrue, nor the statute of limitation upon it begin to run, until a demand of payment, unless the demand is in some way dispensed with.

| 33 | 399 |
|----|-----|
| 53 | 314 |
| 33 | 399 |
| 82 | 541 |
| 33 | 399 |
| 85 | 75 |

Appeals by defendants from orders of the district court for Ramsey county, *Simons,* J., presiding, overruling their separate demurrers to the complaint.

*O'Brien, Eller & O'Brien,* for appellants Dawson and Smith.

*Warner, Stevens & Lawrence,* for appellant Reed.

*Henry P. Herring,* for respondent.

GILFILLAN, C. J.[1] The complaint is not carefully drawn, but, fairly construed, its allegations make out these facts: That on the 12th day of July, 1869, the defendants were engaged as copartners in the business of banking, in the city of St. Paul, and that, while they were so engaged, on that day William Branch deposited with them, as bankers, in the name of plaintiff, $5,000 of her money, and that she demanded payment thereof in 1880, and payment was refused. This suit to recover the same was brought in 1884.

Construing the allegations to be that the plaintiff was the person in whose name the deposit was made, disposes of the objection that there is a defect of parties plaintiff, and of the objection by defendant Reed that there was no demand on him, and also of the proposition that the deposit was a special one. It was a general, ordinary deposit, made as general deposits are made in a bank, and (there was no agreement to qualify it) made upon the terms and conditions that, by long and universal usage, are tacitly understood in case of such deposits between banker and depositor.

Such being the case, has the statute of limitations barred the plaintiff's claim? It would operate as a bar at the end of six years after the plaintiff's right to sue upon it became perfect. Did that right accrue immediately upon making the deposit, or was a demand necessary, as a condition precedent, before suit could be brought?

In the case of an ordinary debt, where no time for its payment, nor condition precedent to the right to require payment, is agreed on, it is payable at once. And where it is agreed to pay it "on demand," (unless it appears that an actual demand, a demand in fact, was intended,) it has been long settled, though it may seem an anomaly, that the bringing of the suit is a sufficient demand. The parties may, however, by their contract, make an actual demand essential. *Brown* v. *Brown*, 28 Minn. 501.

The legal relation of banker and depositor, upon a general deposit, is, in most respects, that of debtor and creditor. By the deposit the latter parts with, and the former acquires, the title to the specific money deposited, and the one becomes indebted to the other in the

[1] Berry, J., was absent and took no part in this case.

amount of the sum deposited. But, by universal understanding on the part of bankers and depositors, there is a condition attached to the undertaking of the bank. It is not its duty, as it is that of an ordinary debtor, to seek the creditor and pay him wherever found; it does not undertake to pay without respect to place,—to pay absolutely and immediately. But its engagement is to pay at its banking-house, when payment shall be called for there. Everybody understands that to be what it assumes to do. Banks of deposit could not be conducted in any other way. Morse on Banks, 40; *Watson* v. *Phœnix Bank*, 8 Met. 217; *Girard Bank* v. *Bank of Penn Township*, 39 Pa. St. 92; *Downes* v. *Phœnix Bank*, 6 Hill, 297.

This being the understanding upon which the deposit is made, it is parcel of the bank's contract to repay, that, as a condition precedent to its duty to repay, the depositor shall call upon it to do so at its banking-house, and there is no default of the bank until such call is made. Of course the bank may, as an individual might, waive or dispense with the condition—as if it do anything, such as a suspension of payment, indicating that a demand would be useless. But, unless it do waive or dispense with the condition, the right to sue does not arise until a demand, and until such time the statute of limitations does not begin to run.

Orders affirmed.