L. S. Mitchell *vs.* J. C. Easton, impleaded, etc.

July 29, 1887.

**Certificate of Deposit—Demand—Statute of Limitations.**—A certificate of deposit in the ordinary form issued by a bank is, in substance and legal effect, a promissory note; following *Cassidy* v. *First Nat. Bank*, 30 Minn. 86. It is due immediately, and no actual demand is necessary in order to set the statute of limitations running.

The plaintiff brought this action in the district court for Mower county, against the defendants as surviving partners of the banking firm of Smith, Wilkins & Easton, upon a certificate of deposit in the following form, viz.:

"Mower County Bank, Austin, Minn., March 29, 1876.

"L. S. Mitchell, Esq., has deposited in this bank seven hundred fifty and no-100 dollars, payable to the order of himself, in current bank notes, on the return of this certificate properly indorsed, with interest at the rate of ten per cent. per annum.

"Smith, Wilkins & Easton."

Certain payments upon this certificate were admitted, the last having been made on May 4, 1878. This action was brought in July, 1886. The defendant J. C. Easton answered, pleading, among other defences, the statute of limitations. The action was tried before *Farmer, J.*, without a jury, and judgment was directed for plaintiff. Defendant Easton appeals from the judgment.

*Kingsley & Shepherd,* for appellant.

*Lafayette French,* for respondent, cited *Branch* v. *Dawson,* 33 Minn. 399; *Riddle* v. *First Nat. Bk.,* 27 Fed. Rep. 503; *Nat. Bank* v. *Washington Co. Nat. Bk.,* 5 Hun, 605; *Howell* v. *Adams,* 68 N. Y. 314; *Boughton* v. *Flint,* 74 N. Y. 476, 482; *Munger* v. *Albany Bank,* 85 N. Y. 580; *Smiley* v. *Fry,* 100 N. Y. 262; *Brown* v. *McElroy,* 52 Ind. 404; *Girard Bk.* v. *Bk. of Penn. Township,* 39 Pa. St. 92; *Finkbone's Appeal,* 86 Pa. St. 368; *McGough* v. *Jamison,* 107 Pa. St. 336; *Bel-*

*lows Falls Bk.* v. *Rutland Co. Bk.*, 40 Vt. 377; Wood, Limitations, 314–318; 1 Parsons, Notes & Bills, 273, note; 42 Am. Dec. 578.

VANDERBURGH, J.[1]   The contract or obligation sued on is what is commonly known as a certificate of deposit, made in the ordinary course of business, and dated March 29, 1876.   The last payment thereon was made more than six years prior to the commencement of this action; and the question here presented is whether a suit might have been brought upon it immediately upon its execution, without a previous demand, as in the case of promissory notes payable on demand, or whether, in order to set the statute of limitations running, the certificate should have been first presented for payment. In *Branch* v. *Dawson*, 33 Minn. 399, (23 N. W. Rep. 552,) it is held, in the case of a general deposit of money, that the engagement of the bank, according to general commercial usage, is to pay the money when called for at the bank's place of business.   In that case the amount of the deposit was simply entered upon the books of the bank and the pass-book of the depositor, in the ordinary way, and the bank made and issued no certificate or contract in writing importing an express promise or undertaking to pay the amount as a debt or obligation of the bank.

In *Cassidy* v. *First Nat. Bank*, 30 Minn. 86, (14 N. W. Rep. 363,) we held that a similar writing was in effect a negotiable promissory note, and that its character as such was not qualified by the provision therein making it payable on the return of the certificate.   As it is payable upon demand, it follows logically that the instrument is to be placed upon the same footing as ordinary demand negotiable securities.   And this proposition is, we think, decisive of the question here involved.   It is true that the consideration for the promise is recited in and shown by the writing to be for money deposited, but we do not see that this is material.   The rule as to pleading, proof, and defences would be the same as in the case of ordinary promissory notes, and a *bona fide* indorsee or holder might recover on the instrument purchased on the faith of its validity as a contract or obligation of the bank, though no money had in fact been deposited.   *Barnes*

---

[1] Berry, J., because of illness, took no part in this case.

v. *Ontario Bank,* 19 N. Y. 152, 159; *Farmers' & Mechanics' Bank* v. *Butchers' Bank,* 16 N. Y. 125, 130, (69 Am. Dec. 678;) *Miller* v. *Austen,* 13 How. 218. Such demand certificates fall within the 60-day limitation fixed by Gen. St. 1878, c. 23, § 11, as to presentment and dishonor, and there is no reason why any distinction should be made as to the necessity of a previous demand between them and other negotiable securities. It is better that the rule be understood to be uniform, as to all such securities, that when payable on demand, unless upon their face containing a stipulation showing a different intention, (as in *Brown* v. *Brown,* 28 Minn. 501; 11 N. W. Rep. 64,) whether with or without interest, they are to be treated as due immediately, and that an action thereon against the maker is barred by the statute of limitations, unless brought within six years from the day of date thereof. *Wheeler* v. *Warner,* 47 N. Y. 519; *Howland* v. *Edmonds,* 24 N. Y. 307; *Payne* v. *Gardiner,* 29 N. Y. 146, 178, Wright and Selden, JJ.

The defendants received the money of the plaintiff, and, by the instrument sued on, promised and agreed to repay it, with interest, and by placing their obligation in this form they manifest an intention to change the character of the transaction from that of an ordinary deposit to that of a debt or loan evidenced by an instrument construed to be a promissory note payable on demand. If the parties desired to place any other or further limitation upon the rights or obligations of either, it should have been expressed upon the face of the instrument.

Upon the question under discussion it is admitted that the authorities differ. In New York the cases indicate much conflict of opinion. Some of them hold that such certificates are promissory notes; others mere receipts or written evidences of a deposit, and, as such, continuing securities, which, though negotiable, are not dishonored until after an actual demand. See *National Bank Ft. Edward* v. *Washington Co. Bank,* 5 Hun, 605. But, if they are promissory notes payable on demand, then, under the statute above referred to, they would be dishonored after 60 days. But this could not consistently be the case if the paper was not due until an actual demand. But it is manifestly the better rule in practice to hold that such demands become

stale and outlawed unless collected or sued within six years.  *Brum-magim* v. *Tallant*, 29 Cal. 503, (89 Am. Dec. 61;) *Tripp* v. *Curtenius*, 36 Mich. 494; *Curran* v. *Witter*, 68 Wis. 16, (31 N. W. Rep. 705.)

Judgment reversed.