LIZZIE H. FRANCOIS v. ROBERT P. LEWIS.[1]

June 7, 1897.

Nos. 10,434—(107).

68  409
68  473

Banks—Certificates of Deposit.

A banking corporation organized under the general laws of this state has the power to make interest-bearing time certificates of deposit.

Appeal by defendant from an order of the district court for Red-wood county, Webber, J., overruling his demurrer to the reply. Affirmed.

*Bishop H. Schriber,* for appellant.
*Somerville & Olsen,* for respondent.

START, C. J.   This is an appeal from an order overruling the de-fendant's demurrer to the reply.   It is not contended that the reply is demurrable, but the defendant claims, under the rule that a de-

[1] Reported in 71 N. W. 621.

murrer searches the whole record, and reaches the pleading containing the first fatal defect, that the demurrer should have been sustained because the complaint does not state a cause of action. It alleges: That the Citizens' Bank, a corporation organized under the laws of this state, in consideration of $2,600 delivered to it on August 25, 1894, by the plaintiff, issued and delivered to her a certificate of deposit in these words:

"Redwood Falls, Minn., Aug. 25th, 1894.   Mrs. Lizzie H. Francois has deposited in this bank twenty-six hundred dollars, payable to the order of herself 4 months after date, in current funds, on return of this certificate properly indorsed.   Interest at 6 per cent. per annum."

"O. B. Turrell,
"Cashier."

That before the delivery of the certificate, and for the purpose of giving it credit, the defendant, Lewis, indorsed his name on the back thereof, and it was then delivered to the plaintiff. That payment of the certificate has been duly demanded, and no part thereof, except interest, has been paid. The action is against Lewis alone. The defendant claims that the instrument in question is a promissory note, and the transaction a loan, and therefore ultra vires of the corporation, and, further, that the defendant is not liable because there was no consideration for the making of the instrument by him. It would seem that, if the instrument was ultra vires of the bank, it was not so as to the defendant, who is a joint and several maker thereof, and that the consideration for his executing it was $2,600 delivered by the plaintiff to the bank. But inasmuch as the case was decided in the court below upon the ground that the bank had power to issue the instrument, and this was the principal question discussed by counsel on this appeal, we affirm the order appealed from on the ground that the bank had power to make and deliver the instrument.

The instrument, in its exact legal results, is a promissory note. Cassidy v. First National, 30 Minn. 86, 14 N. W. 363; Mitchell v. Easton, 37 Minn. 335, 33 N. W. 910. The transaction was also technically a loan to the bank, for a general deposit creates the relation of debtor and creditor, but it was not a loan in the more general and appropriate use of the term. Hence the question for our consideration is not whether a banking corporation organized under the banking laws of this state has power to borrow money generally, and execute negotia-

ble paper therefor, although the power, in the absence of any statute to the contrary, seems to be generally conceded by the courts. But the question is, has such a bank the power to receive deposits, and issue interest-bearing time certificates as the evidence of the terms of the deposit? Our state banks are expressly authorized, and have the power, among other matters, to carry on the business of banking, to receive deposits, and to exercise all the usual and incidental powers and privileges belonging or pertaining to such business. G. S. 1894, § 2493. Their right to pay interest on deposits is expressly recognized by the statute[2] providing for depositing in such banks the public funds, and for the payment of interest thereon.

We have no statute prohibiting banks from making time certificates of deposit. Nor is it forbidden by any sound principle of public policy. On the contrary, the financial disturbances of the past few years have demonstrated that, if banks will pay interest on deposits, time certificates maturing within a reasonable date tend directly to conserve, not only the interests of the bank, but the interests of the depositor and the public. There being, then, no limitation, express or implied, on the power of banks to issue such certificates, and the express power having been given to them to receive deposits, pay interest thereon, and to exercise all the usual and incidental powers pertaining to the banking business, it must necessarily be implied that they have the power to make an agreement as to the terms upon which such deposits will be received, and to issue the usual evidence of such agreement, in the form of a demand or time certificate of deposit.

Order affirmed.

[2] G. S. 1894, §§ 344 (3), 729, 735.