# MARIA FALLON v. WILLIAM FALLON.[1]

February 18, 1910.

Nos. 16,469—(222).

**Statute of Limitations — Demand for Payment.**

Where by the contract of the parties, express or implied, the money or debt which is the subject-matter thereof is payable only upon demand in fact, the statute of limitations does not begin to run until an actual demand for the payment is made.

**Same — What Is Reasonable Time.**

The demand, however, must be made within a reasonable time, which is ordinarily the period of the statute of limitations; but, where the parties

[1]Reported in 124 N. W. 994.

contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time.

**Payment of Interest — Implied Promise.**

A party as a general rule is not chargeable with interest unless on his part there is a promise, express or implied, to pay it. An implied contract to pay interest arises where the circumstances of a transaction justify the inference that the parties contracted with reference to interest.

**Laches.**

The respondent, as found by the trial court, deposited with her brother, the appellant's intestate, money, upon the understanding that it should be kept and used by him for an indefinite time in the future, and be paid to her upon an actual demand therefor. She is not chargeable with unreasonable delay, nor laches, in failing to demand payment before his death which occurred twenty-three years after the last deposit was made. *Held,* that the facts found are sustained by the evidence, that her claim for the money was not barred at the time of his death, either by the statute of limitations or laches, and that she is entitled to interest thereon.

Maria Fallon presented a claim for $500, with interest for twenty-three years, against the estate of her brother William Fallon, deceased, which was in process of settlement in the probate court of Olmsted county. From an order of the probate court disallowing the claim, she appealed to the district court for that county, where Snow, J., found in her favor. From an order denying the motion of William Fallon, the administrator of the estate, for a new trial, he appealed. Affirmed.

*Burt W. Eaton* and *Joseph A. Bear,* for appellant.
*Brown, Abbott & Somsen,* for respondent.

START, C. J.

The respondent herein presented to the probate court a claim for allowance against the estate of her deceased brother, William Fallon. It was disallowed, and she appealed to the district court of Olmsted county, and the case was tried by the court without a jury.

The facts found by the court are substantially these: The respondent, Maria Fallon, is a sister of William Fallon, deceased. She came

to this country from Ireland about the year 1870, and since that time she has been engaged in domestic service, having never married. At various times between the year 1870 and June 21, 1884, she delivered and intrusted to her brother William divers sums of money saved from her wages, aggregating at least $500. These sums were so delivered and intrusted to him for safe-keeping, upon the understanding and agreement that he would return and repay the moneys so intrusted to him, with interest thereon, at any time she might call for or actually demand the same. On June 21, 1884, her brother William married, and she thereafter deposited no money with him. He died intestate on July 31, 1907. She never demanded from him any part of the money so delivered to him, or the interest thereon, nor has any part of either ever been paid. She is not chargeable with unreasonable delay, nor laches, in failing to demand payment of the money from her brother before his death.

As a conclusion of law judgment was ordered in favor of the respondent for $500, with interest at six per cent. per annum from June 21, 1884. The administrator appealed from an order denying his motion for a new trial.

The first contention of the appellant to be considered is to the effect that the findings of fact necessary to the support of the conclusion of law are not justified by the evidence.

The evidence is ample to sustain the finding that the respondent, prior to the marriage of her brother William on June 21, 1884, did deliver and intrust money to him from time to time, which in the aggregate amounted to $500. She so testified, and she was corroborated by the testimony of other witnesses. The evidence as to the understanding between the parties with reference to the money delivered by her to her brother William is less direct and certain; but it must be considered with reference to the relation of the parties and the circumstances under which the money was delivered as disclosed by the evidence. The evidence justifies the inference that she was a prudent, hard-working woman, who was able to save a part of her wages as a domestic servant, and that she desired a depository for her money where it would be safely kept until such indefinite time

in the future as she should need and call for it. Her brother William was older than she, and was a thrifty farmer and good business man, in whom she had confidence, who was buying land and in a situation to use advantageously her money. She never made her home with her brother. It was under such circumstances that the money was delivered to her brother as she earned it. This negatives any presumption that she intended the money to be a gift to her brother.

There was competent evidence, in the nature of admissions made by William, fairly tending to establish the agreement upon which the money was deposited with him, which was sufficient, if credible, to sustain the findings of the trial court. A brother of the parties, Garret Fallon, testified that about the time his brother William was married he said that he had made an agreement with the respondent to keep the money for her until she called for it, and would pay her interest on it. Another witness testified that he heard William, about the time he was married, say to the respondent not to be alarmed about her money, and that whenever she called for it she would get it; and a third witness testified that she heard him say to the respondent, some two years before his death, that she need not worry about her money, as he would give her good interest. The credibility of the witnesses was a matter entirely for the trial court.

We hold that the findings of fact as to the deposit of the money and agreement as to its repayment are sustained by the evidence.

This brings us to a consideration of the question whether the respondent's claim is barred by the statute of limitations or by her laches. It is urged by counsel for the appellant that the claim is so barred, for the reason that from the date of the last deposit of money no demand was made for its repayment until after the death of William, a delay of some twenty-three years, and, further, that the delay was unreasonable, and a demand should have been made within the period of the statute of limitations.

The evidence to support such a claim against a dead man's estate should be carefully scrutinized by courts, so as to prevent the allowance of stale or fraudulent claims against such estates; but when, as in this case, the facts were found by the trial court upon sufficient

evidence, the question becomes simply one of law. The law relevant. to the facts found is well settled. Where, by the contract of the parties, express or implied, the money or debt which is the subject-matter thereof is payable only upon a demand in fact therefor, the statute of limitations does not begin to run until an actual demand for payment is made. The demand, however, must be made within a reasonable time, which is ordinarily the period of the statute of limitations; but, where the parties contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time. Angell, Limitations (6th Ed.) § 96; Wood, Limitations, § 118; 25 Cyc. 1207; Brown v. Brown, 28 Minn. 501, 11 N. W. 64; Branch v. Dawson, 33 Minn. 399, 23 N. W. 552; Horton v. Seymour, 82 Minn. 535, 85 N. W. 551; Thrall v. Mead, 40 Vt. 540; Smith v. Smith, 91 Mich. 7, 51 N. W. 694; Campbell v. Whoriskey, 170 Mass. 63, 48 N. E. 1070.

In the case of Branch v. Dawson the defendants were private bankers, with whom the plaintiff made a general deposit of money, and demanded its payment for the first time eleven years thereafter, and four years after the demand brought suit to recover her money. It was held that the statute did not commence running until the demand was made. The last case cited, Campbell v. Whoriskey, in its facts, is quite similar to the one at bar.

The plaintiff, in that case, came to this country, went into service, and saved money from her wages, which she gave to her relative, the defendant, in whom she had confidence, upon the understanding that he would keep it for her until she wanted it, and pay her interest. She demanded of him the payment of the money thirteen years after the last amount was delivered to him, and five years thereafter she brought the action to recover the money. The defense was the statute of limitations, and it was held that she was not bound to demand her money within six years in order to save her rights, and, further, that the action was not barred, for the reason that the parties intended that the defendant should keep and use the money for an indefinite time and to repay it only upon actual demand.

The evidence in the case at bar tends to show an exceptional state of facts, in that the relation of the parties was something more than the ordinary one of debtor and creditor, and that they contemplated an indefinite delay in making a demand for the money; and we hold that the finding and conclusion of the trial court that the respondent is not chargeable with unreasonable delay nor laches in failing to demand payment of her money before the death of her brother are sustained by the evidence. It follows that the respondent's claim was not barred at the time of her brother's death, either by the statute of limitations or laches.

It is specially urged that the court erred in allowing interest on the respondent's claim. A party, as a general rule, is not chargeable with interest, unless, on his part, there is a promise, express or implied, or some default in retaining the principal. Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337; I. L. Corse & Co. v. Minnesota Grain Co., 94 Minn. 331, 102 N. W. 728. An implied contract to pay interest arises where the circumstances of a transaction justify the inference that the parties contracted with reference to interest. 22 Cyc. 1491. The facts bring this case within the rule, and the respondent was properly allowed simple interest on her claim.

The last assignment of error to be considered relates to a ruling as to the admission of evidence as follows: The respondent was a witness in her own behalf, and was asked by her counsel these questions: "Q. You then delivered, you say, during that thirteen years you delivered money over to him from time to time? A. Yes, sir. Q. How much money did you deliver over to him between 1870 and 1885? A. Well, the money I gave him to keep for me"— Objected to by Mr. Eaton, and move that that part of her evidence in which she says that the money that she gave him to keep for her, be stricken out, as involving a conversation with a deceased person, and incompetent. It is certainly a conclusion. * * * Court: It might be immaterial, but I do not think it would be subject to the statute. The fact would remain that she placed the money in the hands of William, and he would be under implied obligation to return it. I think I won't grant the motion to strike out that particular phrase;

I do not see that that comes within the prohibition. Exception for respondent.

It may be conceded that it was technical error for the court to deny the motion to strike out the evidence; but it is clear that it was not reversible error, for the trial was by the court without a jury, the objectionable statement of the witness was not responsive to the question, and it is apparent that it was not regarded by the court as a material factor in the determination of the facts found, which are sustained by competent evidence. Mankato Mills Co. v. Willard, 94 Minn. 160, 102 N. W. 202.

Order affirmed.