RODRIGUEZ v. FIRST STATE BANK & TRUST CO. (No. 6237.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1919. Rehearing Denied June 14, 1919.)

1. LIMITATION OF ACTIONS ⬀48(1)—CERTIFICATE OF DEPOSIT—ACCRUAL OF CAUSE OF ACTION.

Cause of action against bank on certificate of deposit payable to order of depositor "six months after date in current funds on return of this certificate properly indorsed, with interest at the rate of 4 per cent. per annum. No interest after maturity"—accrued upon expiration of the six months' period and was barred by limitations upon failure to bring action within the prescribed period thereafter, not being a general deposit and being in the nature of a promissory note maturing six months after date.

2. LIMITATION OF ACTIONS ⬀66(9)—GENERAL DEPOSITS—DEMAND.

The period of limitations does not begin to run against general deposits in banks represented either by passbooks or other evidences of deposits in contradistinction to deposits under certificate of deposits, payable at specified time, until demand.

3. LIMITATION OF ACTIONS ⬀66(9)—CERTIFICATE OF DEPOSIT—MEXICAN MONEY.

That certificate of deposit payable six months after date was made payable in Mexican money did not postpone accrual of action thereon until demand.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Alejandro Rodriguez against the First State Bank & Trust Company. Judgment of dismissal, and plaintiff appeals. Affirmed.

A. Winslow, of Laredo, for appellant.
T. C. Mann, of Laredo, for appellee.

COBBS, J. This is an action by appellant against appellee, on a certificate of deposit for the sum of $2,800, Mexican money, issued by appellee to appellant on the 21st day of July, 1913. It is alleged that on the 21st day of September, 1918, appellant presented said certificate of deposit to appellee for payment and offered to indorse and deliver said certificate to appellee if it would pay the same; but appellee refused to pay the same, or any part thereof. On the 26th day of September, 1918, appellant brought this suit. The instrument sued upon is as follows:

EXHIBIT A.

Laredo, Texas, Jul. 21, 1913, No. 551.
This certifies that Alejandro Rodriguez, has deposited with First State Bank and Trust Company of Laredo twenty-eight hundred dollars ($2,800.00), payable to the order of himself six months after date in current funds on return of this certificate properly endorsed with interest at the rate of four per cent. per annum.
No interest after maturity.
R. K. Mims, Cashier.
Not subject to check.

*Certificate of Deposit. Mexican Money.*

Appellee filed two exceptions to the petition, one a general exception pleading no cause of action alleged, and the other was that plaintiff's petition disclosed:

"The cause of action, if any he ever had, occurred more than four years before the commencement of this suit, and the same is barred by limitations."

The appellant sought to avoid said plea of limitations by replying that it was a custom and general rule of "all banks along this frontier not to plead limitation against certificates of deposits and especially against such certificates of deposit as has been sued upon in this cause; that thousands and

---

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thousands' and hundreds and hundreds of dollars have been deposited with the banks of Laredo and in other towns all along this frontier by Mexicans and other aliens residing in the republic of Mexico, receiving from said bank such certificate of deposits, * * * and the loss to the holders of such certificates of deposit would be contrary to a long-established custom in existence and prevailing with the banks along this frontier."

Further averred no cause of action arose against said bank until on or about the 21st day of September, A. D. 1918, when plaintiff presented said certificate of deposit to said defendant for payment, and .that said certificate was not due and payable until the same was returned to defendant bank properly indorsed by this plaintiff and the payment thereof demanded of the defendant—until 21st day of September, A. D. 1918.

That it is "contrary to public policy and especially to the banking business who are dealing with the public and almost entirely depending upon the public for money to conduct said business not to plead limitation as a defense to the payment of its depositors of any sum of money which its depositors may deposit with said bank, whether the same be an open deposit subject to sight check or on time certificate."

Appellee again replied with a general demurrer to the supplemental petition and exception continuing the plea of limitations; to all that part.setting up usage and custom among the banks along the border to suspend limitations.

The court ordered "that the said defendant's general demurrer and second and third special exceptions be and they are hereby sustained." Appellant refused to amend, and his cause of action was dismissed.

[1] The appellant has assigned a number of errors challenging the ruling of the court in sustaining the demurrers and dismissing his suit. He contends in his first assignment and proposition thereunder that the cause of action never accrued until the 21st day of September, 1918, the day demand for payment was made.

Appellant cites Girard Bank v. Bank of Penn. Township, 39 Pa. 92, 80 Am. Dec. p. 507, and a number of other cases to sustain his contention. In that case and the others, "like unto it," the court held that—

"The statute of limitations did not run against a check marked 'good,' until payment has actually been demanded at the banking house and refused. The holder of such a check does not stand in a different position from that of an original depositor."

He also cites 5 Cyc. 521 (note 84). In many states a certificate is a continuing ·security, and no action can be maintained thereon, or the statute of limitations be put into opera-

tion against it, until after making the demand for payment. . In the case of Re Estate of James Gardner, Deceased, v. John Leahey, Ex., etc., of Michael Morricy, Deceased, 228 Pa. 286, 77 Atl. 510, 29 L. R. A. (N. S.) p. 690, the court said:

"Although the certificate of deposit issued to Morricy by the banking firm of Gardner, Morrow & Co., was payable on its face to his order upon its return six months after date, it was not due so as to give a right of action upon it until payment was demanded. The rule as to a certificate of deposit issued by a banking house and payable to the order of the depositor upon the return of the certificate is that it is not due or suable until return of it and demand has been made for the money, from which time the statute of· limitations begins to run; and it is no defense against a claim on such a certificate that demand had not been made within six years from its maturity. Girard Bank v. Bank of Penn. Twp., 39 Pa. 92, 80 Am. Dec. 507; Finkbone's Appeal, 86 Pa. 368; McGough v. Jamison, 107 Pa. 336; Riddle v. First Nat. Bank (C. C.) 27 Fed. 503; 1 Bolles, Modern Law of Bkg. p. 462. If the banking firm of Gardner, Morrow & Co. had continued to be a going concern up to April 28, 1909—nearly 18 years after the certificate of deposit was issued to Morricy—and he had then presented it to the firm and demanded payment, the statute of limitations would have been no defense to it. * * *"

The certificate of deposit sued on is in almost the same language as in this case. It is as follows:

"No. 7582.

"Banking House of Gardner, Morrow & Co.

'Hollidaysburg, Pa., May 14, 1891.

"Michael Morricy has deposited in this bank three thousand and fifty dollars, payable to his order, on return of this certificate, six months after date, with interest· at 4 per cent. per annum.
$3,050.                    Gardner, Morrow.& Co."

In the case of Thompson v. Farmers' State Bank, 159 Iowa, 662, 140 N. W. 877, 44 L. R. A. (N. S.) 551, the court said, in discussing a certificate of deposit in almost precisely the same language as the one sued on herein: .

"There is no escape from the conclusion that, as the certificate was payable at a time specified, the right of action then accrued, and as the statute of limitations then began to run, more than ten years had elapsed when this action was commenced, and the action was barred, as the court rightly determined."

Again in the case of Kirkwood v. First Nat. Bank, 40 Neb. 484, 58 N. W. 1019, 24 L. R. A. 444, 42 Am. St. Rep. 689, the court discussing a similar deposit certificate said:

"When did the certificate become due so as to charge a purchaser with notice of equities? There could be no doubt that if the certificate had provided· simply for payment upon present-

ment properly indorsed it would be in effect a promissory note payable on demand, and would be overdue, so as to charge a purchaser with notice, at the latest after the lapse of a reasonable time for presentment. Daniel on Negotiable Instruments, 783. But the terms of this instrument are different. It was to draw interest if left six months, but in no event to draw interest after six months. In First Nat. Bank v. Security Nat. Bank, 34 Neb. 71 [51 N. W. 305, 15 L. R. A. 386], 33 Am. St. Rep. 618, an instrument payable upon the return of the certificate properly indorsed, but bearing across its face the language, 'This certificate payable three months after date with six per cent. interest per annum for the time specified,' was held to be payable three months after date. There the language was absolute and the construction given was undoubtedly correct. We should here follow the rule adopted in that case, and so construe the certificate as to give effect to every part. It would seem that the result would be to reach an analogy to instruments payable 'on or before' a certain date, which are due at the expiration of the time so fixed and not before. Mattison v. Marks, 31 Mich. 421, 18 Am. Rep. 197; Daniel on Negotiable Instruments, § 43. Surely a purchaser reading this certificate within six months from its date, observing that if presented before the expiration of six months it would draw no interest, but if presented at the end of that period would bear interest, would be justified in presuming that it had not been presented. Equally certain it is that seeing it after the expiration of six months, and observing by its terms that it could draw no interest thenceforth forever, he would be put upon inquiry to ascertain why it had not been presented when interest ceased. We think the instrument should be treated, so far as ascertaining the rights of purchasers, as one payable on or before six months after date; or if not, that then, from the peculiar nature of the contract, six months after date should be treated as the reasonable time within which it should be presented, and a purchaser taking it within that period should be considered as a purchaser before maturity. Adopting, then, the conclusions we have outlined, this was a negotiable instrument which a bona fide purchaser for value within six months from its date would be entitled to enforce against the defendant."

In First Nat. Bank v. Security Nat. Bank, 34 Neb. 77, 51 N. W. 306, 15 L. R. A. p. 390, 33 Am. St. Rep. 618, the court says:

"This contention is based upon the phrase, 'on the return of this certificate properly indorsed,' used in the printed form of the certificates. If they contained no other stipulation as to time of payment, there would be ground for debate that they did not become due until payment was demanded, and that their dishonor would not be presumed from lapse of time. Authorities are to be found which sustain such a doctrine, but the decisions are not all one way. Many adjudicated cases, as well as text-books, lay down the proposition that a certificate of deposit in the ordinary form, payable on its return duly indorsed, is, in legal effect, a promissory note, and is due immediately upon its execution, and that suit may be brought thereon without a previous demand, the same as in the case of a promissory note payable on demand. As we construe the certificates sued on in this action, we are not now called upon to choose between these conflicting authorities, or to decide whether demand certificates are subject to the same rule which governs and controls demand notes, for these are time certificates. By their terms they are payable three months after their date. Clearly, that is the meaning of the words stamped across the face of the instruments. They are capable of no other reasonable construction. The holder could not have lawfully demanded payment before the expiration of the three months; and, had suit been instituted before such time had elapsed, it would have been prematurely brought. The words, 'on the return of this certificate properly indorsed,' when read in connection with the other stipulations, do not control the time of payment, nor was it indispensable to a recovery that the certificates should have been previously presented to the maker duly indorsed. To hold that the tender of a certificate properly indorsed is a condition precedent to maintain an action thereon would defeat a recovery upon a lost certificate, and would prevent a third person from becoming the owner of a certificate payable to the order of the payee, unless indorsed. Such a rule would be unsound in principle, and contrary to the weight of the decisions. Cassidy v. Faribault First Nat. Bank, 30 Minn. 86 [14 N. W. 363]; Citizens' Nat. Bank v. Brown, 45 Ohio St. 39 [11 N. E. 799, 4 Am. St. Rep. 526]."

In Re Fallon, 110 Minn. 213, 124 N. W. 994, 32 L. R. A. (N. S.) 486, 136 Am. St. Rep. 464, the court said:

"Where, by the contract of the parties, express or implied, the money or debt which is the subject-matter thereof is payable only upon a demand in fact therefor, the statute of limitations does not begin to run until an actual demand for payment is made. The demand, however, must be made within a reasonable time, which is ordinarily the period of the statute of limitations; but, where the parties contemplated a delay in making the demand to some indefinite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time. Angell, Limitations (6th Ed.) § 96; Wood, Limitations, § 118; 25 Cyc. Law & Proc. p. 1207; Brown v. Brown, 28 Minn. 501, 11 N. W. 64; * * * Horton v. Seymour, 82 Minn. 535, 85 N. W. 551; Thrall v. Mead, 40 Vt. 540; Smith v. Smith, 91 Mich. 7, 51 N. W. 694; Campbell v. Whoriskey, 170 Mass. 63, 48 N. E. 1070. In the case of Branch v. Dawson [33 Minn. 399, 23 N. W. 552], the defendants were private bankers, with whom the plaintiff made a general deposit of money, and demanded its payment for the first time eleven years thereafter, and four years after the demand brought suit to recover her money. It was held that the statute did not commence running until the demand was made."

In speaking of certificates of deposits where no time is expressed for payment except the use of the words, payable "on the return of the certificates," the statute of limitations then runs from the time of actual

demand and notice, Daniel on Neg. Instruments (6th Ed.) vol. 2, §§ 1707, 1707a says:

"In some cases if the certificate is payable on demand (which is substantially the same as 'on return of this certificate') the statute of limitations begins to run from its date, and no special demand is necessary to put the statute in motion"—citing Brumagin v. Tallant, 29 Cal. 503, 89 Am. Dec. 61; Tripp v. Curtenius, 36 Mich. 499, 24 Am. Rep. 610; Mitchell v. Easton, 37 Minn. 335, 33 N. W. 910.

[2] There is a very broad and clearly defined distinction between the law of limitations as applicable to general deposits in banks represented either by pass books or other evidences of deposits, in contradistinction to that class of certificates sued upon in this case and those we have been discussing where upon their face a time limit for presentation is impressed. In the former class of cases of general deposits it is well settled no limitation begins to run until demand.

Neither party has cited us to any case in point from our own state upon which they rely.

[3] In appellant's second assignment, still complaining of the alleged error of the court in sustaining the exceptions, as in his first assignment, he makes the additional proposition that the certificate being payable in Mexican money is without any of the attributes of a promissory note, and no action will lie on such obligation, until returned to the issuing bank and demand made for the commodity therein mentioned.

This contention is expressly decided against appellant in the case of Hogue v. Williamson, 85 Tex. p. 553, 22 S. W. 580, 20 L. R. A. 481, 34 Am. St. Rep. 823. Judge Gaines, delivering the opinion, held such written obligations payable in Mexican silver dollars to be promissory notes.

Let us analyze this obligation. It is made "payable to the order of himself six months after date in current funds," and bears "interest at the rate of four per cent. per annum. No interest after maturity." It can be no more nor less than a promissory note maturing six months after date. That is made very clear by the further language, that no interest is to be paid after maturity. It does not have the elements of a deposit, because it is an instrument obligating the bank to pay him at a certain time with interest and thereby takes it out of the category of a general deposit, and shows, if anything, at the end of the interest-paying period the bank expected to take it up. In such a note no demand of payment was necessary and suit could have been instituted on it after that time without demand or notice. In the recent case of Sam v. Ludtke, 203 S. W. p. 99, Judge Pleasants discusses very fully the subject of demand obligations and says they

are payable immediately and no demand is necessary to start the statute of limitations. And further, when money is loaned to an individual for safe-keeping with the understanding that it is to be returned at any time, and that the individual is to pay interest, no demand is necessary to start the running of the statute of limitations. In support of his opinion, Judge Pleasants cited Texas cases not necessary here to notice.

We have carefully examined appellant's assignments, and find no merit in them. They are overruled.

The judgment of the district court is affirmed.

