## IN RE ESTATE OF GERTRUDE NYGREN.
## F. H. FLJOZDAL v. EMMA JOHNSON AND ANOTHER.[1]

April 13, 1933.

No. 29,378.

*Rasmus Hage,* for appellant.

*Oscar R. Knutson,* for Emma Johnson and Ida Benson, as administratrices of the estate of Gertrude Nygren, respondents.

WILSON, Chief Justice.

Plaintiff appealed from an order denying his motion for a new trial.

On September 13, 1919, Olaf Nygren executed and delivered to his son, John Nygren, his promissory note in the ordinary form for $1,100, payable "On Demand, after my farm is sold."

Shortly after the making of said note the maker thereof, through John Benson, intermediary, conveyed all his real estate to his wife, Gertrude Nygren, without receiving any money consideration there-

[1] Reported in 248 N. W. 215.

for. Soon thereafter Olaf Nygren died without making any payment upon the note.

On November 8, 1919, Gertrude Nygren, apparently considering that said note could not be paid from the source indicated, executed and delivered her promissory note for full value received to John Nygren for $1,100, payable on demand. Someone in her behalf wrote upon this note which was made by her these words:

"This note is given to take up a note in the above named amount made by my husband on September 13, 1919, which note is hereto attached and made a part hereof"; and at the same time there was written upon the said note signed by Olaf Nygren these words: "New note given for this dated November 8, 1919, and attached hereto," and said notes were then attached to each other.

In the year 1924, not later than January 8 of that year, for value received John Nygren transferred both of said notes by indorsement to the plaintiff, who has since been the owner and holder thereof. No part of the indebtedness intended to be evidenced by said notes was ever paid, excepting $200 paid August 4, 1923.

Gertrude Nygren died intestate on October 20, 1930, and her estate went to probate in Marshall county. Plaintiff filed his claim evidenced by said notes. Objections to the allowance of said claim were sustained, and the claim was disallowed. An appeal was taken to the district court, wherein the judgment of the probate court was affirmed.

■ A promissory note payable on demand, unless something written upon the face thereof shows a contrary intention, is to be treated as due immediately; and an action thereon against the maker is barred by the statute of limitations unless brought within six years from the day of the date thereof. McArdle v. McArdle, 12 Minn. 53 (98); Branch v. Dawson, 33 Minn. 399, 23 N. W. 552; Mitchell v. Easton, 37 Minn. 335, 33 N. W. 910; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5602. For a case where something is written upon the face of the instrument showing a contrary intention, see Brown v. Brown, 28 Minn. 501, 11 N. W. 64.

■ The obligation of Gertrude Nygren is evidenced by the language of her promissory note. It is an unconditional promise to pay on demand. Her definite contractual obligation is to be paid on demand. The language of such an obligation cannot be varied by parol to show that it is not due until the happening of a condition subsequent. Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641; Lake Harriet State Bank v. Miller, 138 Minn. 481, 164 N. W. 989; Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139; Cannon Falls Holding Co. v. Peterson, 184 Minn. 294, 238 N. W. 487.

The trial court excluded oral testimony tending to vary the written promise to pay "on demand." The new note by its terms incorporated the old note, but that fact cannot be construed as carrying into it a time for payment different than that expressly stated in the new note.

Affirmed.