## IN RE ESTATE OF BABETHA NOSER.
## WERNER NOSER, JR. v. WILLIAM AHNEMAN.[1]

April 28, 1933.

No. 29,412.

*D. C. Sheldon, Thomas Mohn,* and *Horace W. Mohn,* for appellant.
*P. E. Sargent,* for respondent.

[1]Reported in 248 N. W. 292.

*STONE, Justice.*

This case involves the claim of Werner Noser, Jr. against the estate of his mother, Babetha Noser, deceased. After being defeated in the probate court he was successful on appeal to the district court. We reversed and remanded the case for new trial. 183 Minn. 465, 237 N. W. 22. This time there was no jury. After a decision for claimant, the administrator appeals from the order denying his motion for amended findings or a new trial.

The sole issue remains whether the debt is barred by the statute of limitations. The facts as far as dealt with in our former decision need not be repeated. Again we find ourselves unable to find in the record evidence to sustain the finding, upon which the decision rests, that the maturity of the established debt was deferred by agreement, either expressed in language or to be implied from conduct, within the rule of such cases as Fallon v. Fallon, 110 Minn. 213, 124 N. W. 994, 32 L.R.A.(N.S.) 486, 136 A. S. R. 464, and Andrews v. Andrews, 170 Minn. 175, 212 N. W. 408, 213 N. W. 899, 51 A. L. R. 542. We cannot find, in the language of the latter decision, that the parties here [170 Minn. 183] "contemplated a delay in making the demand to some indefinite time in the future." Were there evidence warranting that conclusion, then, of course, upon the decision below, the claimant should prevail.

Nothing of substance has been added to the evidence as it was in the first trial. There is testimony of a conversation with the mother, as far back as 1911, that she said she would have to pay Werner "some time but they had had some expenses during the summer and she didn't see where she could pay him just at that time, but she was going to pay him some time." Two or three years before they left the farm, which was in 1917 (the mother died in January, 1928) "she said she was to pay Werner for his labor on the farm, but it didn't look like she could do it then because they were" doing some building, the inference being that that operation required all their ready money. Another witness quotes the mother as saying "they wanted to pay him, they promised to pay him, but they didn't say when." She did say that "she would pay

him just as soon as she gets on her feet." In all that, and in the whole case for the claimant, there is nothing to show that the maturity of the debt was deferred beyond the time when, without any agreement, it would have matured, that is, as the services were performed. There is much to show that because of lack of funds or their need elsewhere the parties expected that the mother would be unable to pay; but there is nothing, we repeat, to show that the obligation to pay was deferred.

This time the order must be reversed with directions to amend the findings and conclusions of law in accordance with this opinion and to direct judgment for the appellant.

So ordered.