# WILLIAM J. BANNITZ v. HARDWARE MUTUAL CASUALTY COMPANY OF STEVENS POINT, WISCONSIN.[1]

January 26, 1945.

No. 33,911.

*Gustav C. Axelrod,* for appellant.

*Charles H. Weyl* and *Cashin & Dunn,* for respondent.

[1]Reported in 17 N. W. (2d) 372.

236

YOUNGDAHL, JUSTICE.

Appeal from an order sustaining a demurrer. Plaintiff seeks to recover from defendant, his former employer, a balance claimed to be due him as commissions on sales of insurance from 1925 to 1928, inclusive, when he acted as sales representative for defendant. The complaint alleges that under the contract of employment plaintiff was to receive a salary, commission, and car allowance from all his sales of insurance placed with defendant; that he was to receive as commission 20 percent of the amount of premiums received by defendant for insurance sold by him; that there was to be deducted from this amount plaintiff's salary and car allowance, and the balance due plaintiff after those deductions was to be carried on the books of defendant until such time as plaintiff demanded the money, or upon termination of plaintiff's employment with defendant. Plaintiff further alleges that the amount of sales or premiums secured by him during 1925, 1926, 1927, and 1928 was $104,517, by reason of which he was entitled to $20,903.40; that he was paid $16,564, leaving a balance owing him of $4,339.40. He also alleges that after 1928 he acted as defendant's manager in Minnesota until the termination of his employment with defendant on September 1, 1942. He finally alleges that a demand was made upon defendant, but that it refused to pay him the commissions claimed to be due.

The lower court sustained the demurrer "upon the ground * * * that the facts stated do not constitute a cause of action; the alleged cause of action [being] * * * barred by the Statute of Limitations." Defendant asserts that the complaint is demurrable not only on the ground that the action is barred by the statute of limitations, but also that plaintiff's cause of action is within the statute of frauds, in that it is founded on an oral contract not to be performed within a year.

■ Defendant's position is that, even though the balance of commissions was not to be paid until after plaintiff's demand, the demand should have been made within a reasonable time after the cause of action for the commissions accrued; that a reasonable

time is the period of the statute of limitations (six years in this case)"; and therefore that the action should have been commenced before 1935. Plaintiff, on the other hand, contends that it appears from the contract as alleged in the complaint that the parties contemplated a delay in making the demand to some indefinite time in the future; therefore, that the statutory period for bringing the action is not controlling on the question of reasonable time and that the determination of what is a reasonable time is a question of fact.

This being an action on a contract, ordinarily it would be barred unless commenced within six years after the cause of action accrued. Minn. St. 1941, § 541.05 (Mason St. 1927, § 9191). Accepting the allegations of the complaint at their face value, they clearly indicate that a demand in fact was to be made before the money was to be paid. Therefore, the statute did not commence to run until such demand was made. Where it appears from a contract that it is the intention of the parties that the money or claim which is the subject matter thereof is to be paid upon a demand in fact, the statute of limitations does not begin to run until an actual demand for payment is made. Brown v. Brown, 28 Minn. 501, 11 N. W. 64; Horton v. Seymour, 82 Minn. 535, 85 N. W. 551; Portner v. Wilfahrt, 85 Minn. 73, 88 N. W. 418. Defendant asserts that, in any event, the demand must be made within a reasonable time and that a reasonable time in the instant case is the period of the statute of limitations. The rule which is controlling under the facts pleaded is well stated in Fallon v. Fallon, 110 Minn. 213, 217, 124 N. W. 994, 996, 32 L.R.A.(N.S.) 486, 136 A. S. R. 464, as follows:

"* * * Where, by the contract of the parties, express or implied, the money or debt which is the subject-matter thereof is payable only upon a demand in fact therefor, the statute of limitations does not begin to run until an actual demand for payment is made. The demand, however, must be made within a reasonable time, which is ordinarily the period of the statute of limitations; but, where the parties contemplated a delay in making the demand to some in-

definite time in the future, the statutory period for bringing the action is not controlling as to the question of reasonable time."

The Fallon case was followed and approved in Andrews v. Andrews, 170 Minn. 175, 212 N. W. 408, 213 N. W. 899, 51 A. L. R. 542. It has been cited by numerous courts and text writers in this country as a leading case in support of the principle announced. The case is considered in an exhaustive annotation in 32 L.R.A.(N.S.) 486. See, also, cases cited in notes in 4 Dunnell, Dig. & Supp. § 5602. By holding this rule applicable to the facts here, we are not encouraging the enforcement of a stale claim or permitting a party to postpone the operation of the statute indefinitely by failing to do an act within his power which is necessary to prove his remedy. The case does not fall within the rule of Weston v. Jones, 160 Minn. 32, 199 N. W. 431. Here, we are dealing with a complaint which specifically pleads a definite contract and special circumstances indicating that there was to be an indefinite delay within which the demand was to be made. Defendant attempts to distinguish the Fallon and Andrews cases upon the ground that special circumstances there appeared by way of a confidential and fiduciary relationship. The court in those cases pointed out certain special circumstances indicating that there was sufficient evidence to prove that the claims there did not fall within the class of stale or fraudulent ones. In the Fallon case, the court said (110 Minn. 216, 124 N. W. 996):

"The evidence to support such a claim against a dead man's estate should be carefully scrutinized by courts, so as to prevent the allowance of stale or fraudulent claims against such estates; but when, as in this case, the facts were found by the trial court upon sufficient evidence, the question becomes simply one of law. The law relevant to the facts found is well settled."

Though we recognize the dissimilarity of facts in the Fallon and Andrews cases, we believe the principle there announced controls decision here. The relationship between the parties in the case at bar was not an ordinary one of creditor and debtor, but rather

of employer and employe. That defendant reposed trust and confidence in plaintiff is indicated by the fact that in 1928 he was promoted from sales representative to manager in Minnesota. Whether or not the action is barred under the law in such a situation as this is dependent on the particular circumstances of the case. No attempt can be made to define or declare inflexibly what is a reasonable time in which the demand must be made. Ordinarily, it is a question for the trier of fact. Andrews v. Andrews, 170 Minn. 175, 212 N. W. 408, 213 N. W. 899, 51 A. L. R. 542, *supra*. We believe the complaint sufficiently pleaded a contract and special circumstances indicating that the parties contemplated that a demand in fact was to be made and that the demand was to be postponed to an indefinite time in the future. Therefore, the rule announced in the Fallon case is applicable.

In the Alabama case of Wright v. Paine, 62 Ala. 340, 345, 34 Am. R. 24, 29, upon which defendant strongly relies and from which it quotes at length in its brief, the court recognizes that there may be special circumstances and cause for delay in the making of the demand, for it states:

"* * * What is to be considered a reasonable time for this purpose does not appear to be settled by any precise rule. It must depend on circumstances. *If no cause for delay can be shown,* it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action." (Italics supplied.)

Defendant also asserts that the complaint does not state a cause of action because it was contemplated by the parties that the agreement was not to be performed within one year, and, the contract not being in writing, that it comes within the statute of frauds. We do not agree with this contention. It appears from the complaint that the contract is one which could be performed within a year. No definite time was fixed for the employment. It was an employment at will. It could therefore be terminated at any time by either party. Skagerberg v. Blandin Paper Co.

197 Minn. 291, 266 N. W. 872. The statute of frauds has no application where the contract, by its terms, can be performed within one year though it runs for an indefinite time. In Cowles v. Warner, 22 Minn. 449, 450, it is stated:

"* * * If, however, beginning within the year, it [contract] was to continue in force for an indefinite period of time, with the right to either party to terminate it at any moment before the expiration of such year, and its obligations were of such a character that they could all be performed within that period, without contravening any of its terms, then it was without the statute, * * *."

See, also, Stitt v. Rat Portage Lbr. Co. 98 Minn. 52, 107 N. W. 824. The case of Grand Forks Lbr. Co. v. McClure Logging Co. 103 Minn. 471, 115 N. W. 406, relied on by defendant, is clearly distinguishable on the facts. In that case, although the time was not limited within which the contract should be completed, it appeared from its face that it was not to be executed within one year from its date; hence it was within the statute of frauds. We therefore hold that the contract as alleged in the complaint here is not within the statute of frauds.

Order reversed.