## STEVENSON *v.* MOORE.

BOUNDARIES—EJECTMENT — CONFLICTING SURVEYS PRESENT QUESTION OF FACT.

In an action of ejectment to determine the true boundary of adjoining lots, tried before the court without a jury, where the controlling question was the accuracy of the surveys made by each party, a finding that plaintiffs' survey started from a given definite point recognized by both as accurate and that defendants' survey was conjectural in that it started at a point attended with some uncertainty, a judgment for plaintiffs will not be set aside, on review, as against the great weight of evidence.

Error to Muskegon; Vanderwerp (John), J. Submitted April 7, 1927. (Docket No. 44.) Decided October 3, 1927.

Ejectment by Russell A. Stevenson and another against Charles E. Moore and another. Judgment for plaintiffs. Defendants bring error. Affirmed.

*Willard J. Turner,* for appellants.

*Bunker & Rogoski,* for appellees.

BIRD, J. The parties to this suit own adjoining

Boundaries, 9 C. J. § 359.

parcels of land on Bear lake in North Muskegon. Defendants recently constructed a fence which they contend is the line.    Plaintiffs disagreed with them and brought this action of ejectment to determine the

question.    Judgment passed for plaintiffs and defendants assign error.

A reference to the annexed plat (plaintiffs' exhibit

3) will illustrate the holdings of each, and the respective claims as to the disputed strip.    The disputed strip is a triangular piece, represented by A, B, and E.    Both parties claim to own this strip.

Plaintiffs' declaration contained the following description of what he sought to recover, and is in accord with his deed:

"That part of block seventy-six (76) of the city of North Muskegon, according to the map of said city of 1900, described as follows:    Commence at the intersection of the center line of Ruddiman avenue, with the west line of block seventy-six (76) extended; thence north 45° west, 1214 feet, more or less, to the northwesterly line of the street or road running northwesterly through said block seventy-six (76); thence north 60° 30' east along the northerly line of said road 665 feet, thence north 44° 45' west 380.4 feet to the waters of Bear lake for the place of beginning; thence south 44° 45' east 380.4 feet; thence north, 38° 57' west to the waters of Bear lake; thence along the shore of Bear lake to the place of beginning."

Each party employed a surveyor, and each made a survey, and the difference in their lines is due to the fact that they did not both use the same starting point, although they agreed there were points of beginning definitely established from which a survey could be commenced.    Mr. Hanley, plaintiffs' surveyor, commenced his survey at one of these points.    Mr. Gamble, defendants' surveyor, selected another, beginning at certain stakes, which had been driven upwards of 12 years ago.    He assumed that they were the stakes, but he made no effort to relocate them at the time. Much testimony was introduced to sustain the respective claims of the surveyors.    After the proofs were closed the court in his findings of fact said, in part:

"(3) The survey of the plaintiffs to establish the boundary line was made by a reputable surveyor, Mr. Lance Hanley, and starts from a given definite point.

"(4) The survey of the defendants, although made

by a competent surveyor, Mr. Gamble, is conjectural, in that it did not start at the definite point admitted by him to be the correct starting point, but took as a starting point certain stakes and fences purporting to define a roadway of uncertain location."

It would be of no value to the profession to recite the testimony supporting the respective claims and theories of counsel and the surveyors.     There seems to be no dispute that Mr. Hanley started his survey at one of the recognized points of beginning.     Mr. Gamble started at a point which is attended with more or less doubt and uncertainty.     In view of this, the trial judge gave plaintiffs' survey the benefit of the doubt.     We cannot say that his findings were against the clear weight of the evidence.     Our view of the testimony does not justify us in disturbing the finding of the trial court.

The judgment is affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.