## EDNA PHELPS AND OTHERS v. AURORA STATE BANK.[1]

July 8, 1932.

No. 28,810.

*Gannon, Strizich & Kleffman,* for appellants.
*Philip M. Stone,* for respondent.

[1]Reported in 243 N. W. 682.

480

DIBELL, J.

Action to recover $2,604.33 on a count for money had and received. The trial court submitted to the jury two questions arising upon the issues made. They were found favorably to the plaintiffs and if given effect would permit a recovery of $777.37. Afterwards the court vacated the findings and directed judgment for the defendant. The plaintiffs appeal from the order denying their motion for a new trial.

■ Our holdings are that a material promise, to be performed in the future, made with intent to defraud, the maker intending at the time not to keep it, constitutes actionable fraud. Smith v. Vosika, 163 Minn. 12, 203 N. W. 428; Roman v. Lorence, 162 Minn. 198, 202 N. W. 707; Hansen v. Daniel Hayes Co. 152 Minn. 222, 188 N. W. 317; Holmes v. Wilkes, 130 Minn. 170, 153 N. W. 308. And it is a part of the same doctrine, viewed from a different angle, that to constitute actionable fraud there must be an intention not to perform when the promise is made, and a mere broken promise to do something in the future is not fraud. Maguire v. Maguire, 171 Minn. 492, 214 N. W. 666, 215 N. W. 522; Cannon Falls Holding Co. v. Peterson, 184 Minn. 294, 238 N. W. 487. Other cases and many applications of the doctrine are found in 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3827.

■ On January 20, 1920, Frank V. Anderson made a mortgage to the defendant bank on property in Aurora for $2,000. Afterwards he applied to his sister, the plaintiff Edna Phelps, for a loan on a second mortgage. She, acting for herself and minor children, went to the defendant bank and had some talk about taking a second mortgage from her brother upon the property mortgaged to the bank. The mortgage from Anderson to the bank provided that the bank might collect the rents of the mortgaged property and apply them on the mortgage note. The validity of this provision is not of present concern. The plaintiff on November 8, 1920, took a second mortgage from her brother for $1,600. She claims that the bank promised her that it would exercise its right to collect rents and would apply them upon the first mortgage; that it fraudulently

made this promise; that she relied upon it; that the bank collected the rents and used them for its own purposes; and that it did not apply any of them upon the first mortgage. It is conceded that the bank made collections but did not apply them upon the mortgage, and it was not required by its contract with Anderson to do so. The claim of the plaintiff in short is that there was a promise of something to be done in the future made with intent not to perform it, and therefore that it was fraudulent and actionable.

It might be difficult to find a consideration for the defendant's promise. There was no definite advantage to the defendant in having the plaintiff take a second mortgage upon the property. It was only a guess that the plaintiff, who held the second mortgage, might take care of the property by redemption if necessary. It was just as good a guess that the mortgagor, having given a second mortgage, would not pay the first. It does not appear that there were liens ahead. As it turned out, Anderson did not pay the first mortgage and it was foreclosed, and Mrs. Phelps redeemed from it and acquired title. She made no objection to the foreclosure. She did not insist that the bank had been paid, even in part, by the rents that it had received; or at least nothing of that kind appears. There is no evidence as to the value of the property at the time of her redemption. Whether she gained or lost does not appear.

The plaintiff's action was commenced on July 29, 1930. She claims that this was within six years after she discovered the fraud, though not within six years of the time her cause of action accrued had it been one on contract; and her claim is that she may waive the tort and sue in assumpsit as for money had and received. One claim of the defendant is that no cause of action for money had and received can be maintained. It is of course true that the money received by way of collections upon the first mortgage were the moneys of the bank and not of the plaintiff. According to the contract, as the plaintiff claims it, there should have been as between her and the bank an application of rents on the mortgage.

The question whether an action could be maintained for money had and received, and the effect of the statute of limitations, might

be interesting; but its decision is unnecessary. The evidence does not permit findings that would bring about the result claimed by the plaintiff. The litigation ought to be ended now without further expense. We hold that the evidence is insufficient to sustain a finding that a fraudulent promise was made, that is, one which the defendant intended would not be kept, inducing the plaintiff to take the second mortgage from her brother; and such a finding is the necessary basis of recovery.

There was some irregularity of practice, consented to by both parties, and perhaps beneficially so, though because of it the review has been made a little harder. We omit as unnecessary to a result a discussion of the statute of limitations and the question whether an action for money had and received would lie upon the facts indicated. We put them aside and rest our decision upon the proposition that the evidence does not show a promise made with the fraudulent intention of not keeping it. The court was right in directing a verdict for the defendant. It is clear that on no right ground can the plaintiff recover.

Order affirmed.

STONE, J. took no part.