# EMMA McREAVY v. MICHAEL J. ZEIMES AND ANOTHER.[1]

May 14, 1943.

No. 33,443.

*Arthur A. Logefeil* and *Clinton A. Rehnke,* for appellants.
*Johnson, Sands & Brumfield,* for respondent.

THOMAS GALLAGHER, JUSTICE.
Plaintiff, as administratrix of the estate of John E. McReavy,

[1]Reported in 9 N. W. (2d) 924.

brought this action for a declaratory judgment to determine the rights of plaintiff and defendants under a contract for deed covering certain real estate in Hennepin county. Defendants were the vendors in said contract, and decedent, John E. McReavy, was the vendee. The action required the court's construction of certain clauses of the contract. Defendants answered, and the court, on plaintiff's motion, struck portions of the answer as sham, frivolous, and irrelevant. Defendants then interposed an amended answer, and plaintiff moved for judgment on the pleadings. The court granted this motion. From the judgment entered pursuant thereto, this appeal is taken.

The facts are as follows: On March 30, 1929, the contract for deed in question was executed by defendants' predecessors as vendors and plaintiff's decedent as vendee. It covered the sale of a commercial building used as a garage in the city of Minneapolis. The sale price was $28,000, payable $5,000 in cash and the balance in four annual installments of $5,000 each and a final payment in 1934 of $3,000. On October 1, 1935, the principal sum had been reduced to $21,300, and the vendee was in default in certain respects in connection therewith. On that date a new contract for deed was executed and substituted for the original contract. Defendants, having acquired the fee in said premises, executed the new contract as vendors, and plaintiff's deceased was the vendee. The new contract contained the following provisions in addition to the customary ones:

"It is further agreed that said second party [vendee] shall have the privilege of paying the 1934 taxes on or before May 31, 1936. In the event said taxes are so paid the monthly installment payment shall be reduced from $150.00 to $100.00 per month. In the event that said taxes are not paid on or before May 31, 1936, said monthly payment of $150.00 shall continue until said taxes are so paid.

"It is further agreed that said second party shall have the privilege of paying the first half of the 1935 taxes on or before Octo-

ber 31, 1936; in the event said taxes are not so paid, then the monthly payment of $100.00 beginning June 1, 1936, shall be increased to $150.00 per month until said taxes are so paid; that in the event the last half of said 1935 taxes are not paid on October 31, 1936, said payments of $150.00 per month are to continue until said taxes are paid and when paid, said $150.00 per month shall be reduced to $100.00 per month.

\* \* \* \* \*

"It is further agreed that in the event said second party performs all the terms and conditions of this Contract for Deed without default, said first parties [vendors] will allow a discount on the principal of said Contract for Deed in the sum of Three Thousand Three Hundred ($3,300) Dollars, together with accruing interest thereon which will reduce the principal sum herein from $21,300 to $18,000. In the event, however, that said party of the second part becomes in default in any of the terms and conditions herein provided for, said discount will not be allowed and said second party will be obliged to pay the full principal sum of $21,-300 hereunder.

"It is further agreed that all taxes due and payable on May 31, 1937, must be paid, otherwise their non-payment will constitute a default in the terms and provisions of this Contract for Deed and will operate so as to obligate said second party to pay the full principal sum of $21,300.00 hereunder."

The vendee died on November 14, 1940, and plaintiff was appointed administratrix of his estate. Upon checking the records it was discovered that the 1934 taxes had not been paid. It is undisputed, however, that the vendee had paid the sum of $150 per month thereon from the inception of the contract to the time of his death, and that in like manner plaintiff continued said payments until the commencement of this action in July 1941. On May 5, 1941, the 1934 taxes, including penalties and interest, were paid by plaintiff.

Plaintiff contends and alleged in her complaint that decedent,

and plaintiff as his successor, have fully performed all the terms and conditions of said contract for deed and that in consequence they are entitled to the $3,300 reduction provided for in the above quoted portions of the contract on the principal thereof and a corresponding reduction on the interest charged against the principal to date. Defendants contend that failure of the vendee to pay the 1934 taxes on or before May 31, 1937, constituted a default in the terms of the contract, and in consequence that plaintiff is not entitled to any reduction.

Plaintiff in her complaint alleged all facts with reference to the contract and the various payments made thereunder from its inception, and alleged in detail the circumstances surrounding the payment of the 1934 taxes, all as above set forth, and prayed the court for a determination of the question in issue.

Defendants in their original answer denied the allegations of the complaint and alleged that the consideration for the contract was $21,300 rather than $18,000, as alleged by plaintiff; that there was an amount unpaid on the principal of the contract in excess of the amount alleged by plaintiff; that the vendee had failed to pay the 1934 taxes until May 5, 1941; that there were other material defaults on the part of the vendee in the terms and conditions of the contract; and that accordingly plaintiff was not entitled to the discount provided for.

Plaintiff moved to strike certain portions of the original answer, particularly those relating to the general denial therein and to the allegations of other defaults in the contract. The motion was supported by the affidavits of decedent's bookkeeper, affirming specifically that all required payments had been made on the contract and setting forth the dates and amounts thereof, including payments of principal, interest, taxes, and other obligations specified in the contract. The motion was further supported by the affidavit of plaintiff's attorney relating to certain conferences between him and defendants and their attorney, wherein the only dispute indicated related to the effect of the failure to pay the 1934 taxes until May 1941.

Defendants filed no counter-affidavits on the motion, and after due consideration the court struck those portions of the answer complained of and permitted defendants additional time to file an amended answer.

In their amended answer defendants alleged the facts with reference to the payment of the 1934 taxes, admitted the other material allegations of the complaint, and further alleged that the consideration of the contract was not $18,000, but the amount specified therein, and that the unpaid balance thereon was greater than the amount alleged by plaintiff, these differences arising out of the $3,300 discount provision in controversy.

Thereafter plaintiff interposed her reply, and upon the pleadings the court made its order as aforesaid.

On this appeal defendants contend the court erred in striking the portions of the answer indicated, and in making its order for judgment on the pleadings as above set forth.

■ An examination of the pleadings, affidavits, and motions indicates that the only default claimed by defendants was the failure to pay the 1934 taxes until May 5, 1941. Accordingly, the only issue for determination by the trial court was the effect of such delay upon the discount clause in the contract. The complaint alleged all pertinent facts with reference to the contract and failure to pay the 1934 taxes until May 1941, and prayed for the court's judgment as to the effect thereof.

When defendants were called upon to support the allegations of their original answer by submitting proper affidavits indicating the defaults claimed, they failed to do so. The affidavits in support of plaintiff's motion to strike were clear and definite as to the payments made on the contract, and the dates and the amounts thereof, and, being uncontradicted, the facts therein must be accepted as established. 5 Dunnell, Dig. & Supp. § 7664. It is now conceded by defendants that all payments were made as claimed by plaintiff. The contract being admitted by both parties and the terms thereof clear and unambiguous, and the payments therein not in dispute, it would appear that the trial court had no alterna-

tive other than to order the unsupported portions of defendants' answer stricken as sham and frivolous.

■ Thereafter the remaining issue to be determined by the trial court related to the effect of the failure to pay the 1934 taxes until the date indicated. The determination of this question involved only the construction of the contract. It is clear that if the contract is unambiguous in its terms, nothing would be gained by a trial of the issues, since the evidence was undisputed on all pertinent facts.

A careful examination of the contract indicates that the trial court correctly construed its provisions. Therein the vendee was granted an option to pay the 1934 taxes or, in the alternative, to continue making payments at the rate of $150 per month. He exercised the latter privilege and made payments of $150 per month at all times involved. It cannot be said that by exercising this privilege he defaulted in the terms of the contract.

Defendants contend, however, that the clause in the contract which required that "all taxes due and payable on May 31, 1937, must be paid" required that the 1934 taxes be paid on or before that date. Such is not the construction this court places upon this provision. The contract specifies in detail what shall be done with respect to each year's taxes. As to the 1934 taxes, an option was granted, as indicated. As to the 1935 taxes, a similar option was granted. The paragraph which required that all taxes due and payable on May 31, 1937, be paid could refer only to the first half of the 1936 taxes, as such taxes were the only taxes which became delinquent after that date. Since they were paid on or before May 31, 1937, it follows that there was no default in this provision.

■ Defendants contend that, had a trial of the issues been permitted, they would have presented evidence relative to the "facts and circumstances surrounding the two contracts involved, the nature and extent of the defaults as they existed under the first contract on October 1, 1935, just what the situation was on that day and the full background respecting the discount of * * *

$3,300 to determine what motivated the defendants in offering this substantial discount and what the consideration was, if any."

Since it is conceded by all parties that the second contract superseded the first one, it is apparent at once that anything relating to the first contract which might conflict with the terms or provisions of the second one would be clearly inadmissible. The second contract is clear and unambiguous on its face. Nothing would have been gained by attempting to show the facts and circumstances surrounding its execution or in any other way attempting to modify or alter its terms. Defendants' general proposal to submit such inadmissible evidence did not weaken the foundation upon which the trial court's order was based. Since the facts were undisputed, the issues clearly drawn by the pleadings, and the language and provisions of the contract unambiguous, the trial court properly granted judgment on the pleadings.

Plaintiff contends that the discount clause above referred to in the contract is a penalty or forfeiture clause and hence unenforceable in any event. In view of our decision as hereinbefore set forth, we do not deem it necessary to determine this question at this time.

Affirmed.