LOUIS BERNSTEIN v. JACOB LEVITZ AND OTHERS.[1]

December 15, 1944.

No. 33,830.

*Frank E. McAllister,* for appellant.

*Ell M. Roston,* for respondents.

LORING, CHIEF JUSTICE.

This case comes here on appeal by plaintiff from an order denying a new trial after direction of a verdict for defendants Levitz and Bearmán, the case having been dismissed as to Delia Bearman. The action was for damages for alleged fraud in luring plaintiff into a pretended partnership arrangement to operate a furniture

[1]Reported in 16 N. W. (2d) 744.

business and thus to gain the advantage of his skill, experience, and acquaintanceship in order to establish a profitable business, and then to separate plaintiff from the organization. The complaint alleged that defendants maliciously conspired to obtain the services of plaintiff with the intention of defrauding him of his fair share of the profits of the organization.

It appears that defendant Levitz was engaged in the furniture business at Fargo, North Dakota, and, having purchased a substantial amount of used furniture in Minneapolis, proposed to establish a store on Nicollet avenue to dispose of that furniture. He made the acquaintance of the plaintiff at about that time and engaged him to work in connection with the sale of the furniture on a salary basis. There is evidence in the record tending to prove that Levitz later suggested the partnership for conducting a furniture business, in which Levitz, Bearman, and the plaintiff would be equal partners.

For a time this business was conducted by plaintiff and Bearman, Levitz still living in Fargo but furnishing such capital and credit as was necessary to maintain the business as a going concern. Plaintiff withdrew from its funds such money as he needed for living expenses and for the operation of his car, which he used in the business. Evidently the business was not the success which was expected by the partners. Friction between plaintiff and defendants developed which led to plaintiff's separation from the business. The record is replete with details as to the business and the alleged reasons for plaintiff's separation therefrom. On cross-examination, plaintiff admitted facts which, in substance, amounted to a refutation of all the allegations of his complaint except the services performed by him and the evidence that a partnership was suggested and, perhaps, agreed to.

It would unnecessarily and uselessly protract this opinion to set out in detail the evidence relied upon by plaintiff, but we have carefully examined the entire record. From it we discover not a syllable of evidence nor a justifiable inference supporting the allegations of fraud. The amended complaint sounds in tort. Recovery is not sought for breach of contract. The evidence would

not support a finding that at the time defendants entered into their business relationship with plaintiff they entertained any purpose to defraud him in any way.

It has long been settled in this state that fraud cannot be predicated on a mere promise or statement of intention of performance unless, at the time it was made, there was no intention to perform. Albitz v. Minneapolis & Pacific Ry. Co. 40 Minn. 476, 42 N. W. 394; McDermott v. Ralich, 188 Minn. 501, 247 N. W. 683; Phelps v. Aurora State Bank, 186 Minn. 479, 243 N. W. 682; Cannon Falls Holding Co. v. Peterson, 184 Minn. 294, 238 N. W. 487.

It must be made affirmatively to appear that the promisor had no intention to perform at the time the promise was made. Maguire v. Maguire, 171 Minn. 492, 214 N. W. 666. Defendants may or may not have violated their contract with plaintiff, but, if they did violate it, such violations alone would not be sufficient to sustain this action. The trial court was right in directing a verdict for defendants.

Order affirmed.