# FIDELITY STATE BANK v. EMILY BRADLEY.[1]

February 4, 1949.

No. 34,835.

*Brophey & Berg,* for appellant.
*Bauers & Carlson,* for respondent.

PETERSON, JUSTICE.

Defendant appeals from the order striking her answer as sham and frivolous.

The complaint alleged that plaintiff is the payee named in and the holder of a promissory note in the sum of $4,000 executed and delivered on or about July 5, 1947, by defendant upon which there

[1]Reported in 35 N. W. (2d) 748.

is due $2,684.19. The answer alleged three defenses, viz.: (1) That on June 23, 1948, plaintiff transferred the note to Henry Levine, a comaker; (2) that plaintiff is not the real party in interest and that Levine is; and (3) that on July 6, 1947, defendant executed and delivered to plaintiff a chattel mortgage for the amount of the face of the note in full payment thereof.

Plaintiff moved to strike defendant's answer as sham and frivolous upon the following showing: (1) An affidavit by its assistant cashier showing that the date of the note was July 21, 1947; that the note and the chattel mortgage were given contemporaneously, the former as evidence of a debt and the latter as security for payment thereof; that plaintiff had not transferred the note to Levine; and that it was the owner and holder thereof; (2) an affidavit by Levine in substance the same as that of plaintiff's assistant cashier; and (3) the note and mortgage, which were attached to the assistant cashier's affidavit.

In opposition, defendant showed by affidavit (1) that she and Levine were comakers of the note; (2) that she had sued Ellen Howell for $4,450 for fraud in connection with the sale of a restaurant, in which transaction defendant was the purchaser and Levine the agent for Howell; (3) that she had been informed by her attorneys that if Levine should sue her on the note she had a good defense thereto based on his fraud as Howell's agent in connection with the sale to her of the restaurant; (4) that Levine had informed her that if he sued her he could recover over $3,000, but that he would not do so if she turned the restaurant over to him; (5) that the inference (she drew) from what Levine said was that he owned the note; (6) that her belief based on the inference was that he still owned it; and (7) that before signing the note and mortgage Levine informed her in the presence of plaintiff's officers that if she would sign the chattel mortgage plaintiff would hold Levine liable, but not her; that plaintiff through its officers agreed to this proposition; and that in reliance thereon she signed the chattel mortgage, thereby canceling her liability on the note.

The rules of law governing decision here are well settled.

■ A sham answer is one which is false in fact. Jasperson v. Jacobson, 224 Minn. 76, 27 N. W. (2d) 788; Minnesota Casket Co. v. Swanson, 215 Minn. 150, 9 N. W. (2d) 324.

■ In determining whether an answer is sham upon a motion to strike it as such, the court's function is to determine whether upon the showing of the parties there is an issue of fact to try and not to try such issue if there is one. Jasperson v. Jacobson, *supra;* Kirk v. Welch, 212 Minn. 300, 3 N. W. (2d) 426.

■ Defendant's failure to meet a clear and unequivocal showing by plaintiff that the answer is sham admits the truth of the facts shown. McReavy v. Zeimes, 215 Minn. 239, 9 N. W. (2d) 924; Independent School Dist. v. City of White Bear Lake, 208 Minn. 29, 292 N. W. 777.

■ A frivolous answer is one that is so lacking in legal sufficiency that upon its face it does not in any view of the facts pleaded present a defense. Minnesota Casket Co. v. Swanson, *supra.*

Application here of the rules stated leads to the conclusion that plaintiff showed clearly and unequivocally, and as a matter of law unless rebutted, that it was the owner and holder of the note in question; that Levine was not a transferee of the note and had no interest therein; that plaintiff, not Levine, was the real party in interest; that the note was given on July 21, 1947, as evidence of a debt due plaintiff; and that the chattel mortgage was given contemporaneously as security for payment of the note. The affidavits offered by plaintiff and an examination of the note and chattel mortgage upon their face show the facts stated with respect to them to be true. Plaintiff was entitled as a matter of law to recover upon the facts thus shown.

Defendant's showing in the final analysis consisted of (1) an admission that she, as a comaker, was a maker of the note; (2) hearsay statements to her by her attorneys and by Levine; (3) an inference of fact drawn from Levine's hearsay statement to her; (4) an affirmation of belief in the validity of the inference so drawn; and (5) an oral agreement contemporaneous with the execution of

the note and chattel mortgage that she was not to be liable on the former. This showing in no way met plaintiff's. The admission that she was a maker of the note not only did not controvert plaintiff's showing, but rather confirmed it in part. The hearsay was plainly inadmissible and would be ruled out upon a trial. The inference mentioned, in addition to being subject to the vice of the hearsay from which it was drawn, was not a statement of fact at all. Taylor v. Blake, 11 Minn. 170 (255); Coolbaugh v. Roemer, 30 Minn. 424, 15 N. W. 869; 5 Dunnell, Dig. § 7514. The affirmation of belief in the inference was subject to the same objections as the inference itself. The statement that there was a contemporaneous agreement that, if defendant signed the chattel mortgage, she would not be liable on the note supports plaintiff's contention that her third defense, that the chattel mortgage was given in payment of the note, was false in fact, for the reason that, while the defense in effect asserted that the chattel mortgage was given in payment of an admitted debt evidenced by the note, the statement in question in effect admits that there was no such payment, and asserts that there never was a debt, of which the note was evidence, to be paid. Furthermore, the statement was frivolous as lacking in legal sufficiency, for the reason that, even if it was true, it in no view presented a defense. A contemporaneous oral agreement is not admissible to vary a contract clear and unambiguous on its face. Under the rule, a party cannot by parol evidence show a contemporaneous oral agreement that he was not to be bound by his written promise to pay. Cannon Falls Holding Co. v. Peterson, 184 Minn. 294, 238 N. W. 487; Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139. In effect, defendant by the statement in question not only admitted her third defense to be false, but attempted to substitute a frivolous one for it.

The case of Rye v. Phillips, 203 Minn. 567, 282 N. W. 459, 119 A. L. R. 1120, does not help defendant, for the reason that there we decided that a promise by a creditor to accept and the debtor to pay less than the sum due on a liquidated demand is binding, not that

a party may by parol evidence of a contemporaneous agreement vary a contract clear and unambiguous on its face.

Thus, it appears that in the most favorable view of defendant's showing it consisted in part of an admission of the truth of plaintiff's showing and in part of immaterial and frivolous matter, which raised no issue with respect to the facts shown by plaintiff. In short, there was no issue of fact to try. Upon the facts shown, plaintiff was entitled to recover. The trial court, therefore, properly granted the motion to strike.

Affirmed.