**Dennis D. LARSON & Margaret A. Larson, d/b/a Larson Equipment Sales, Appellants,**

v.

**VERMILLION STATE BANK, Respondent.**

No. C8–97–577.

Court of Appeals of Minnesota.

Aug. 19, 1997.

---

Jeffry G. Olson, Wayne D. Anderson, Anderson & Olson, Stillwater, for Appellants.

Alain M. Baudry, Maslon Edelman Borman & Brand, P.L.L.P., Minneapolis, for Respondent.

Considered and decided by PARKER, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

SHORT, Judge.

This dispute arises from a demand note issued by Dennis D. Larson (Larson) and Margaret A. Larson to the Vermillion State Bank (bank). After the bank called the note due, the Larsons filed suit, alleging the bank had violated the loan agreement by calling the note in bad faith. The Larsons appeal from the trial court's dismissal of this action for failure to state a claim.

## FACTS

To purchase inventory for their farming equipment business, the Larsons obtained a $50,000 line of credit from the bank. By its terms, the note stated the loan was payable on demand. As collateral, the Larsons gave the bank a security interest in their inventory and other business assets.

The bank conducted inspections of the Larsons' inventory in May 1993. Concerned with rapid inventory turnover, a bank officer allegedly required the Larsons to obtain a personal guaranty on the note from an associate unconnected with the equipment sales business. After receiving a second concerned telephone call from the bank officer, Larson contacted the bank's president, who allegedly informed Larson the bank was discontinuing its implement business services and demanded the Larsons either immediately repay their line of credit or grant the bank a mortgage on certain real property. To repay the note, the Larsons were compelled to auction off their inventory at greatly reduced prices, forcing them out of business.

Two years later, the Larsons sued the bank for: (1) breaching the loan agreement by calling the note in bad faith; and (2) negligently administering the loan. The trial court granted the bank's motion to dismiss for failure to state a claim upon which relief may be granted. On appeal, the Larsons argue Minnesota law imposes on lenders a duty to act in good faith in calling due demand loans.

## ISSUE

Does Minnesota law recognize an implied duty of good faith in calling a demand note?

## ANALYSIS

In reviewing a dismissal for failure to state a claim, the only question before us is whether the complaint sets forth a legally sufficient claim for relief, irrespective of the plaintiffs' ability to prove the facts alleged. *Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn.1980). The construction of statutes presents a question of law, subject to de novo review. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

Generally, Minnesota law reads into commercial transactions an implied obligation of the parties to act in good faith. *See* Minn.Stat. § 336.1–203 (1996) (providing every contract or duty within chapter imposes obligation of good faith in its performance or enforcement); *State Bank v. Vidmar Iron Works, Inc.,* 292 N.W.2d 244, 252 (Minn.1980) (recognizing Uniform Commercial Code (U.C.C.) imposes good faith duty on all parties to commercial transactions). The Larsons argue the bank's right to demand payment of the funds extended under its $50,000 credit line was circumscribed by this general good faith obligation. However, an instrument made "payable on demand" is treated as due immediately upon issuance. *Fljozdal v. Johnson,* 188 Minn. 612, 613, 248 N.W. 215, 215 (1933); 2 Frederick M. Hart & William F. Willier, *Negotiable Instruments Under the Uniform Commercial Code* § 2:8.06[1][b] (1997); *see* Minn.Stat. § 336.3–108(a) (1996) (defining demand instrument).

A demand note, by its terms, permits the holder to call the loan due at any time. *Centerre Bank of Kansas City, N.A. v. Distributors, Inc.,* 705 S.W.2d 42, 47 (Mo.Ct. App.1985). Unlike the exercise of an acceleration clause in a note payable at a definite time, the calling of a demand loan is not limited to circumstances in which a lender in good faith believes the prospect of payment to be impaired. *See* Minn.Stat. § 336.1–208 (1996) (permitting acceleration of loan only under good faith belief of financial insecurity); *id.* U.C.C. cmt. (1996) (noting section 1–208 has no application to demand instruments); *see also Solar Motors, Inc. v. First Nat'l Bank,* 4 Neb.App. 1, 537 N.W.2d 527, 534 (1995) (recognizing that calling of demand loan does not constitute acceleration), *aff'd,* 249 Neb. 758, 545 N.W.2d 714 (1996). Indeed, a demand note may properly be called for a good reason or for no reason at all. *See* Minn.Stat. § 336.1–208 U.C.C. cmt. (stating very nature of demand instruments "permits call at any time with or without reason").

This court cannot limit the bank's ability to enforce its rights under the demand note without interposing new terms into the parties' agreement. The note unambiguously conferred on the bank the right to demand payment from the Larsons at any time it deemed necessary or desirable. The bank did not breach the agreement simply by taking action expressly permitted by the agreement's terms. *Cf. Creeger Brick & Bldg. Supply Inc. v. Mid–State Bank & Trust Co.,* 385 Pa.Super. 30, 560 A.2d 151, 154 (1989) (noting lending institution does not violate separate duty of good faith by enforcing its legal and contractual rights as creditor). To impose an additional requirement of good faith would force the bank to surrender its entitlement to payment on demand, in exchange for the right to payment on a demand supported by good faith judgment. *Cf. Solar Motors, Inc. v. First Nat'l Bank,* 249 Neb. 758, 545 N.W.2d 714, 720 (1996) (recognizing addition of good faith requirement would impose on parties terms never agreed upon). The parties did not bargain for such a term, and we decline to read one into the contract.

Furthermore, the imposition of a good faith obligation would impair the utility of demand instruments and raise the cost of lending, ultimately harming the individual borrower. Demand provisions are highly favorable to lenders, permitting them to loan funds to marginal borrowers who otherwise would be unable to obtain credit. *See* Hart & Willier, *supra,* § 2:5.02[1][c] (noting use of demand instrument enables lender to bypass acceleration procedures and commence suit at once when chance of repayment becomes risky). However, for a demand note to be of value to a lender, the holder of the note must have a clear right to protect its position by calling the loan due, in its sole discretion, unfettered by concerns that the borrower will litigate the bank's subjective state of

mind in calling the loan due, or that a judge or jury will disagree with the bank's business judgment.

█ We conclude Minnesota law does not subject a lender to a duty of good faith, separate from the express terms of a loan agreement, in calling due a demand note. Consistently with the legislative mandate, our holding comports with the great weight of foreign authority. *See Vidmar Iron Works*, 292 N.W.2d at 253 n. 2 (recognizing, pursuant to Minn.Stat. § 645.22, that Minnesota's U.C.C. should be interpreted consistently with that of other states to effectuate its purpose of creating uniformity among states); *see, e.g., Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 570 (8th Cir.1991); *Taggart & Taggart Seed, Inc. v. First Tenn. Bank Nat'l Ass'n*, 684 F.Supp. 230, 235–36 (E.D.Ark. 1988), *aff'd sub nom. Taggart & Taggart Seed, Inc. v. First Tenn. Bank Nat'l Corp.*, 881 F.2d 1080 (8th Cir.1989); *Pavco Indus., Inc. v. First Nat'l Bank*, 534 So.2d 572, 577 (Ala.1988); *Centerre Bank*, 705 S.W.2d at 48; *Solar Motors*, 545 N.W.2d at 719–20; *Creeger*, 560 A.2d at 154. *But see K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 760 (6th Cir.1985) (concluding demand provision is type of acceleration clause, and therefore is subject to good faith requirement of section 1–208). Therefore, the trial court properly concluded the Larsons' complaint, which alleged no breach of contract aside from a bad faith call of the loan, failed to state a legally enforceable cause of action against the bank.

## DECISION

The general duty of good faith in commercial contracts does not apply to a lender when calling due a demand note. Therefore, the bank was entitled to call the Larsons' loan at any time and for any reason. Because the Larsons made no allegation against the bank that would constitute a breach of the loan agreement, the trial court properly dismissed the Larsons' action for failure to state a claim.

**Affirmed.**